Selman v. Cobb.

## SELMAN v. COBB.

Where in an action by the indorsee of a promissory note, executed by the defendant to one E., who, by his attorney in fact, one S., indorsed the same to the plaintiff, the defendant pleaded that the note was not the property of the plaintiff, but of said S., which was denied by the replication; and where on the trial of the cause, the plaintiff offered said note in evidence, and thereupon the attorney of defendant asked to inspect the same, for which purpose it was handed to him; and where the said attorney, (who was also attorney for one L.), then handed the note to the sheriff, who was there present, and held an execution against S., in favor of L., with instructions to levy upon the same as the property of said S., which was accordingly done by the sheriff, and he then took said note into his possession; and where the plaintiff moved for a rule on the sheriff to deliver up said note, that it might be given in evidence on said trial, which rule the court refused to make, but permitted said plaintiff, against defendant's objection, to introduce copies of said note and the assignment, properly proven; *Held*, 1. That the court erred in refusing the rule, requiring the sheriff to surrender the note; 2. That secondary evidence of the note and assignment, was rendered necessary by the wrongful act of defendant; and that if its admission was erroneous, the defendant could not take advantage of the error.

## *Appeal from the Davis District Court.*

PLAINTIFF claims to recover upon a promissory note executed by defendant to one Evans, who, by his attorney in fact, J. J. Selman, assigned the same to plaintiff. Defendant, among other things, pleads that said note is not the property of plaintiff, but of said J. J. Selman. This is denied in the replication. The cause was submitted to the court, and during the trial, as shown by the bill of exceptions, plaintiff offered said note in evidence, and thereupon the attorney for defendant, asked to inspect the same, and it was accordingly handed to him for that purpose. It ap-

pears at that time, the sheriff had in his hands an execution against said J. J. Selman, in favor of one Lucas, and he being present, the attorney for defendant, (who was also the attorney of said Lucas), having the said note so as aforesaid for inspection, handed the same to said sheriff, with instructions to levy upon the same as the property of said J. J. Selman. The said sheriff accordingly made said levy, and took said note into his possession. The plaintiff thereupon moved for a rule on the sheriff to deliver up said note, that it might be given in evidence on said trial, which rule the court refused to make, but permitted said plaintiff against defendant's objection, to introduce copies of said note and assignment, properly proven, and this being all the evidence, judgment was rendered for plaintiff, and defendant appeals.

*Trimble & Baker*, for the appellant.

*S. G. McAchran*, for the appellee.

WRIGHT, C. J.—Appellant assigns for error the ruling of the court, in admitting a sworn copy of the note sued on in evidence, without sufficiently accounting for the absence of the original. In our opinion, defendant should not be permitted to avail himself of this objection. To permit him to do so, would be in effect to allow him to take advantage of what we esteem his own wrong. When this note was offered in evidence, it was the right of the defendant to inspect the same, with a view to present any objection, he might have to its introduction. He had a right to its temporary possession for this purpose, and it was the duty of the court to see that he used it for none other. He had no more right to hand it to the sheriff than to any other person. If he could deliver it to the officer, so he could put it into his own pocket, and defy the plaintiff to proceed with the trial. That he gave it to the sheriff for the purpose of having him levy upon it, is in no sense even an apology for not returning said note to plaintiff. If the note

was in fact the property of J. J. Selman, and its proceeds should have gone to pay the debt of Lucas, or any other creditor of said Selman, there was another way, and more appropriate occasions, for ascertaining this, than the unusual and unwarranted method here attempted. In a commendable zeal to make a debt, from even the most tardy debtor, a party must not forget what is due to the court, nor attempt by an improper, though bold practice, to overreach his adversary. If the debtor has, with a fraudulent intent, transferred his property, there is a way to ascertain it, other than the one attempted in this case.

*Prima facie*, at least, this note was the property of plaintiff. It was indorsed to him, and was in his possession. If it was sought to subject it to the payment of the debts of the other Selman, a discovery might have been asked; plaintiff might have been called upon under oath by proper proceeding, to disclose how he held the same, or even after judgment thereon, legitimate steps might have been taken to develop the true character of the transaction. Neither Lucas or the defendant, however, had any right to assume that the note was not the property of plaintiff, and acting upon that assumption, to seize upon it under the circumstances here disclosed. But it is said, that when the attorney handed the note to the sheriff, he was acting as the attorney of Lucas, and not of defendant, and that the legal right of said defendant should not therefore be thereby prejudiced. This note, however, was handed to the attorney of defendant. He received it as such, and in the line of his duty in conducting his defence. It was in effect handed to defendant himself for inspection. The attorney had no more right to destroy it, to mutilate it, or to withhold it from plaintiff, than would the defendant himself. Having employed this attorney to conduct his defence, he was for the purposes of that trial, bound by his action. So far as the rights of the plaintiff are concerned, the attorney should be treated as acting alone for the defendant.

It is further insisted, however, that while the sheriff may have had no right to thus seize upon this note—while it may

Selman v. Cobb.

have been the duty of the attorney to return said note instead of handing it to the sheriff—still it was error to allow a copy of the same to go in evidence. What has already been said, substantially disposes of this objection. We think the court should, on the motion of plaintiff, have made the order, and required the sheriff to return said note. Of the failure to do so, the plaintiff, but not the defendant, might complain. So far then, the only party prejudiced was the plaintiff—and this prejudice occasioned by the act of the defendant. The plaintiff having thus exhausted his efforts to have his note returned—the defendant pertinaciously resisting his right to it, but insisting all the time that it was legally and in fact beyond his control, he then proposes to do the next thing in his power, and that was to introduce a copy. The defendant says, you cannot do this. It is true I have no right to the note. It is true that I got it into my possession for a legitimate purpose, and now without right retain it. It is true that you have called upon the court to order the officer having it in charge, to deliver it up, and this has been refused, and now because I have, by my own illegal act, placed it beyond your power to proceed in the regular way with your proof, you must, therefore, go out of court and be defeated in your action.

To our minds, such a practice would open a door to continual fraud, and would encourage a practice which should never be tolerated for a moment in our courts. Suppose at the moment this note was offered in evidence, it had dropped from the hands of the attorney into the flames, and been destroyed. Suppose that when handed to the attorney of defendant for examination, as was done in this case, said defendant had torn it into pieces. Or suppose again, that after thus delivering it to the opposite party, by some means before its return or introduction in evidence, it had been lost and could not be found, after the most diligent search. Would there be any doubt but that plaintiff would have a right, under such circumstances, to introduce a sworn copy of such note? We clearly think not. Let us go one step

further, and suppose that the defendant, instead of destroying this note, had put it into his pocket, and refused to return it? Could he by so doing, defeat plaintiff's recovery? It would hardly be so claimed—but the answer would be, that he should have been required to deliver it up. Grant it, and when a rule to that effect is asked of the court, he resists it, and succeeds in obtaining a decision that he is not bound to give it up—a decision, however, that is wrong, and that does· violence to plaintiff's rights—with what propriety or legal right can he still insist that the original, and not the copy, shall be introduced? It is his wrongful act that has driven the plaintiff to this alternative, and he should not be allowed to profit by it. Or let us suppose once more, that instead of keeping it in his own pocket, or passing it to an officer to have it levied upon to satisfy the debt of a person, not a party to the record, he had handed it to the officer having an execution against the plaintiff himself, would he not be equally without excuse?

The truth is, to return to the proposition with which we started out, the defendant (or what is the same thing, his attorney) received this note in the course of the trial for a particular purpose. It was no part of his business to know or inquire, in defending against said note, whether the creditor of some third party was or was not likely to collect his debt. Then it was attempted to assist such creditor by taking said note from its appropriate place in the case then on trial, and handing it to the sheriff. The defendant attempted to defeat plaintiff's recovery by a course both unusual and unwarranted, and if, as a consequence thereof, his adversary was compelled to resort to secondary evidence to supply the absence of such original paper, we feel constrained to say, that whatever of error there may have been, in allowing the introduction of such secondary proof, the defendant, at least, is in no situation to take advantage of it.

Judgment affirmed.